Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
Elliot J. Siegel (Bar No. 286798)
elliot@kingsiegel.com
Robert J. King (Bar No. 302545)
robert@kingsiegel.com
**KING & SIEGEL LLP**
724 S. Spring Street, Suite 201
Los Angeles, California 90014
tel:  (213) 465-4802
fax:  (213) 465-4803

Attorneys for Plaintiff
Serge Fomichev

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**05/25/2023**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN FRANCISCO

**Serge Fomichev**, an individual;

　　　　Plaintiff,

　　vs.

**Aura Sub, LLC**, a Delaware limited liability company; and **Does 1-10**, inclusive;

　　　　Defendants.

CASE NO. CGC-23-606722

**COMPLAINT FOR:**

1) **Disability Discrimination violation of FEHA**
2) **Interference in Violation of CFRA**
3) **Retaliation in Violation of FEHA and CFRA**
4) **Failure to Prevent Harassment, Discrimination, and/or Retaliation in Violation of the FEHA**
5) **Wrongful Termination in Violation of Public Policy**

**Demand for Jury Trial**

Complaint

Plaintiff Serge Fomichev, hereby brings this action, on behalf of himself, and alleges as follows, by and through his counsel of record:

## PARTIES

1. Plaintiff **Sergei Fomichev** ("Fomichev") is a resident of the County of San Francisco. Mr. Fomichev worked for Defendant Aura Sub, LLC as a Product Line Manager until his wrongful termination.

2. Defendant **Aura Sub, LLC** ("Aura") is a Delaware limited liability company authorized to do business in California with its principal business location at 2553 Dulles View Dr., Suite 400, Hendon, VA 20171.

3. Mr. Fomichev is not currently aware of the names and true identities of Does 1-10 (hereinafter "Defendants," together with Southwestern Industries). Accordingly, Plaintiff brings this suit against them by fictitious names pursuant to California Code of Civil Procedure section 474. Mr. Fomichev reserves the right to amend this complaint to show their true names and capacities once this information is ascertained. Each Doe defendant is responsible for the damages alleged pursuant to each of the causes of action asserted, either through its own conduct, or vicariously through the conduct of others. All further references in this complaint to the named Defendant includes the fictitiously named defendants.

4. At all times alleged herein, except as otherwise noted herein, Defendants participated in the acts alleged herein and/or were the agents, servants, employees, or representatives of the other Defendants. At all times relevant to this complaint, Defendants were acting within the course, scope, and authority of their agency and employment such that the acts of one defendant are legally attributable to the other Defendants. Defendants, in all respects, acted as employers and/or joint employers of Plaintiff in that each of them exercised control over the wages, hours, and/or working conditions of Plaintiff. Moreover, the conduct of every defendant was ratified by each other defendant.

## VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction over any and all causes of action asserted herein pursuant to Article VI, section 10 of the California Constitution and California Code of Civil Procedure sections 88 and 410.10 by virtue of the fact that this is a civil action in which the matter in

controversy, not including attorneys' fees, interests, and costs, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

6. This Court has personal jurisdiction over Defendant because Defendant is either residents of or have caused injuries in the County of San Francisco and State of California through their acts, and by their violations of the California Labor Code, California state common law, and California Business & Professions Code sections 17200, *et seq*. Venue is proper in San Francisco County, pursuant to Code of Civil Procedure section 395(a), because Defendant does business in San Francisco County and because Mr. Fomichev resided, earned wages, and suffered the harms set forth herein in San Francisco County at all times relevant to this complaint.

## FACTUAL ALLEGATIONS

7. Mr. Fomichev was hired by AnchorFree Inc. as a "Product Designer" in 2016. Mr. Fomichev excelled at his job and consistently received high ratings in his annual performance reviews. Anchorfree was subsequently purchased by a company called Pango.

8. In 2020, Defendants purchased Pango and transitioned Mr. Fomichev to employment with Aura. Mr. Fomichev was still classified as a Product Designer with a yearly salary of $170,000. Mr. Fomichev's offer letter specified that his office would be "remote ([his] home office)."

9. In February of 2021 Mr. Fomichev was given a year-end bonus based on his performance in 2020.

10. In April of 2021, Mr. Fomichev was promoted to Senior Product Manager (Product Line Manager) and again in February 2022 Mr. Fomichev was given a year-end bonus based on his performance in 2021.

11. In July 2022 Mr. Fomichev was diagnosed with skin cancer and had to take approximately two weeks off for surgical removal of the cancer and recovery. Mr. Fomichev informed his manager—Praveen Kannan—of his cancer diagnosis on or around August 5, 2022, and returned to work on or around August 8, 2022.

12. On August 15, 2022, Plaintiff's supervisor placed him on a "performance

improvement plan." The plan did not identify any specific issues with Mr. Fomichev's performance, and instead faulted him for vague and undefined issues such as failing in "creation and management of a comprehensive and collaborative vision, roadmap, and backlog . . . ."

13. Mr. Fomichev cleared the performance improvement plan, and on or around September 28, 2022, Mr. Fomichev's manager sent him an email confirming that he had successfully completed the PIP.

14. In reality, Mr. Kannan was biding his time. Just five months later Aura terminated Mr. Fomichev.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Mr. Fomichev has exhausted all administrative remedies required as a prerequisite to bringing this action. On May 25, 2023, Mr. Fomichev filed a complaint of discrimination against Defendants with the Department of Fair Employment and Housing ("DFEH") and obtained a right-to-sue letter, attached as **Exhibit A**, authorizing him to enforce his rights through a civil action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

*Disability Discrimination in Violation of FEHA*

*Gov. Code §§ 12940, et seq.*

**(Against All Defendants)**

16. Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

17. The California Fair Employment and Housing Act provides that it is unlawful for "an employer, because of the . . . physical disability, mental disability, [or] medical condition . . . of any person, to . . . discharge the person from employment, . . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Gov. Code §§ 12940(a).

18. At all relevant times herein, Plaintiff was an employee of Defendant within the meaning of Gov't Code § 12926, and at all times during his employment he performed his essential job duties in a competent, satisfactory manner.

19. Plaintiff had a temporary disability within the meaning of FEHA; Plaintiff was limited

in his major life activities, had a record of such limitations, and/or was perceived by Defendant has having such limitations. Plaintiff requested temporary leave as an accommodation for that disability as per his medical provider's instructions.

20. Defendants discriminated against Plaintiff because of his disability and requests for leave/accommodations in violation of Government Code § 12940(a) by placing him on a performance improvement plan and subsequently terminating him.

21. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of lost earnings, benefits, and out-of-pocket expenses in an amount subject to proof at trial.

22. Defendants' conduct has directly and proximately caused Plaintiff to lose financial stability, peace of mind, and future security in an amount not fully ascertained but subject to proof at trial.

23. Because of the conduct alleged in this complaint, Plaintiff hired attorneys to prosecute his claims under FEHA. Accordingly, he is entitled to recover attorneys' fees and costs pursuant to Government Code § 12965(b), in addition to other damages as authorized by law.

24. Moreover, because Defendants' conduct was intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard for Plaintiff's rights and the rights of his minor child, Plaintiff seeks punitive damages in an amount to be ascertained at trial.

## SECOND CAUSE OF ACTION

*Interference in Violation of CFRA*

*Gov't Code § 12940 et seq.; Cal. Code Regs., tit. 2, § 11091.*

**(Against All Defendants)**

25. Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

26. The California Family Rights Act authorizes eligible employees to take up a total of 12 weeks of paid or unpaid job-protected leave during a 12-month period for, among other things, when the employee is unable to work because of a serious health condition.

27. The California Family Rights Act also provides that it is unlawful for an employer to

terminate or discriminate against a person that exercised their rights to family care and medical leave under CFRA. Gov. Code §§ 12945.2(k)(1).

28. At the time of his termination, Plaintiff met all requirements to qualify for the benefits and protections afforded under CFRA.

29. Plaintiff sought temporary and/or intermittent leave to care for a serious health condition, which qualified as protected leave under CFRA.

30. Defendants then interfered with Plaintiff's CFRA rights by terminating him because he had attempted to or actually exercised his rights under CFRA. This was the sole or motivating factor in Defendants' decision to terminate his employment.

31. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of lost earnings, benefits, and out-of-pocket expenses in an amount subject to proof at trial.

32. Defendants' conduct has directly and proximately caused Plaintiff to lose financial stability, peace of mind, and future security in an amount not fully ascertained but subject to proof at trial.

33. Because of the conduct alleged in this complaint, Plaintiff hired attorneys to prosecute his claims under FEHA. Accordingly, he is entitled to recover attorneys' fees and costs pursuant to Government Code § 12965(b), in addition to other damages as authorized by law.

34. Moreover, because Defendants' conduct was intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard for Plaintiff's rights and the rights of his minor child, Plaintiff seeks punitive damages in an amount to be ascertained at trial.

## THIRD CAUSE OF ACTION

*Retaliation in Violation of FEHA and CFRA*

*Gov. Code §§ 12940, et seq.*

**(Against All Defendants)**

35. Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

36. FEHA forbids an employer "to discharge, expel, or otherwise discriminate against

any person because the person has opposed any practices forbidden under" FEHA, including associational discrimination. Gov. Code § 12940(h). Likewise, CFRA prohibits retaliation against employees for exercise rights granted under the Act. Gov. Code § 12945.2(l).

37. At all relevant times herein, Plaintiff was an employee of Defendant within the meaning of Gov't Code § 12926, and at all times during his employment he performed his essential job duties in a competent, satisfactory manner. At the time of his termination, Plaintiff met all requirements to qualify for the benefits and protections afforded under CFRA.

38. Plaintiff sought leave to care for his mental and physical health. He was then terminated because he exercised his rights under FEHA and CFRA to medically necessitated leave. This was the sole or motivating factor in Defendants' decision to terminate his employment.

39. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in the form of lost earnings, benefits, and out-of-pocket expenses in an amount subject to proof at trial.

40. Defendants' conduct has directly and proximately caused Plaintiff to lose financial stability, peace of mind, and future security in an amount not fully ascertained but subject to proof at trial.

41. Because of the conduct alleged in this complaint, Plaintiff hired attorneys to prosecute his claims under FEHA. Accordingly, he is entitled to recover attorneys' fees and costs pursuant to Government Code § 12965(b), in addition to other damages as authorized by law.

42. Moreover, because Defendants' conduct was intentional, deliberate, willful, malicious, reckless, and conducted with callous disregard for Plaintiff's rights and the rights of his minor child, Plaintiff seeks punitive damages in an amount to be ascertained at trial.

### FOURTH CAUSE OF ACTION

*Failure to Prevent Harassment, Discrimination, and/or*

*Retaliation in Violation of the FEHA*

**(Against All Defendants)**

43. Plaintiff repeats and incorporates by reference every allegation in this complaint as if fully set forth herein.

44. At all relevant times herein, Defendants were employers in the State of California, within the meaning of the FEHA, Gov't Code § 12926.

45. At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of Gov't Code § 12926.

46. Plaintiff was subjected to discrimination and/or retaliation in violation of the FEHA, Gov't Code § 12940 *et seq*.

47. Section 12940(k) of the FEHA separately provides for liability against an employer if it "fail[s] to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

48. Defendants, through their managing agents and supervisors, should have but did not take all reasonable steps to prevent discrimination and/or retaliation.

49. Plaintiff is informed and believe, and based thereon allege, that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against them which are not yet fully known.

50. As a direct and proximate result of the violation of his rights under the FEHA, Plaintiff has suffered and will continue to suffer general damages in amounts to be proven at trial. Defendants' conduct was a substantial factor in causing those damages.

51. As a direct and proximate result of Defendants' violation of their rights under the FEHA, Plaintiff has suffered and will continue to suffer financial losses, including a loss of earnings and other employment benefits and job opportunities. Plaintiff is entitled to special damages in amounts to be proven at trial. Defendants' conduct was a substantial factor in causing those damages.

52. As a further, direct and proximate result of Defendants' violation of Gov't Code § 12940 *et seq*., as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of their employment relationship with Defendants, and have thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to them. Plaintiff requests that attorneys' fees be awarded pursuant to

Gov't Code § 12965.

## FIFTH CAUSE OF ACTION

*Wrongful Termination in Violation of Public Policy*

**(Against All Defendants)**

53. Plaintiff repeats and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

54. California law expresses a well-established, substantial, and fundamental public policy of allowing employees to use paid or unpaid time off to care to obtain medical diagnoses and treatment, including but not limited to Lab. Code §§ 233 and 245, *et seq*. CFRA and FEHA also prohibit adverse employment actions based on an employee's request for protected leave, including for temporary physical and mental disabilities.

55. Plaintiff engaged in protected activity by requesting to use sick leave for critical medical appointments and treatment.

56. Plaintiff was then terminated because he engaged in this protected activity.

57. As a direct and proximate result of the acts and conduct of Defendants, Plaintiff has suffered and will continue to suffer general damages in amounts to be proven at trial. Defendants' conduct was a substantial factor in causing those damages.

58. As a further, direct, and proximate result of the acts and conduct of Defendants, Plaintiff has suffered and will continue to suffer financial losses, including a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to special damages in amounts to be proven at trial. Defendants' conduct was a substantial factor in causing those damages.

59. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud, and oppression and with conscious disregard for his rights and with the intent, design, and purpose of injuring him. By reasons thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## DEMAND FOR JURY TRIAL

Pursuant to California Code of Civil Procedure section 631 and Section 16 of Article I of the

California Constitution, Plaintiff demand a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays judgment as follows:

A. For actual and liquidated damages according to proof at trial;

B. For statutory and civil penalties and special damages, according to proof at trial;

C. For punitive and exemplary damages according to proof;

D. For pre- and post-judgment interest on monetary damages;

E. For reasonable attorneys' fees and costs and expert fees and costs as allowed by law; and

F. For such other relief as this Court deems just and proper.

Dated:     May 25, 2023                    Respectfully submitted,

**KING & SIEGEL LLP**

By: *Robert J. King*
Robert J. King
Attorneys for Plaintiff

# Exhibit A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                              KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 25, 2023

Robert King
724 S. Spring Street
Los Angeles, CA 90013

RE:   **Notice to Complainant's Attorney**
      CRD Matter Number: 202305-20781825
      Right to Sue: Fomichev / Aura Sub LLC

Dear Robert King:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 25, 2023

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202305-20781825
      Right to Sue: Fomichev / Aura Sub LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

May 25, 2023

Sergei Fomichev

,

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202305-20781825
Right to Sue: Fomichev / Aura Sub LLC

Dear Sergei Fomichev:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective May 25, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

Civil Rights Department                                                                                  KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Sergei Fomichev                                                                 CRD No. 202305-20781825

                    Complainant,
vs.

Aura Sub LLC
2553 Dulles View Dr., Suite 400
Herdon, VA 20171

                    Respondents

---

**1.** Respondent **Aura Sub LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Sergei Fomichev**, resides in the City of **,** State of **.**

**3.** Complainant alleges that on or about **May 25, 2023**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, reprimanded.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, reprimanded.

**Additional Complaint Details:**

-1-
*Complaint – CRD No. 202305-20781825*

Date Filed: May 25, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Robert King**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On May 25, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sacramento California**

-2-
*Complaint – CRD No. 202305-20781825*

Date Filed: May 25, 2023

CRD-ENF 80 RS (Revised 12/22)